**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Susana Moreno, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:10-cv-1576 |
| Valentine & Kebartas, Inc., a Massachusetts corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Susana Moreno, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection letter violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendant transacts business here.

**PARTIES**

3.     Plaintiff, Susana Moreno ("Moreno"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt for a Sears' credit card.

4.      Defendant, Valentine & Kebartas, Inc. ("Valentine"), is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Valentine was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Valentine is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit A.  In fact, Valentine conducts business in Illinois by collecting debts from thousands of Illinois consumers.

6.      Moreover, Defendant Valentine is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B.  In fact, Defendant Valentine acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7.      Defendant Valentine sent an initial form collection letter to Ms. Moreno, dated April 8, 2009, demanding payment of the debt she allegedly owed for a Sears credit card.  Defendant Valentine's letter stated that the "Merchant Name" was Sear Gold Mastercard, that its "Client" was Resurgent and then that the "Owner Name" was LVNV Funding, LLC.  Nowhere did Defendant Valentine explain whether one, two or all three of these companies were the creditor to whom the debt was currently owed, nor what the relationship, if any, was between the three companies.  Thus, Defendant Valentine's letter left consumers with no idea as to the identity of the current creditor.  A copy of this collection letter is attached as Exhibit A.

8.     All of Defendant Valentine's collection actions at issue in this matter occurred within one year of the date of this Complaint.

9.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Effectively Identify Name Of**
**The Current Creditor To Whom The Debt Is Owed**

10.     Plaintiff adopts and realleges ¶¶ 1-9.

11.     Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, the debt collector must provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

12.     Defendant's form collection letter states three different company names relative to the debt: Sears Gold Mastercard as the "Merchant Name", Resurgent as the "Client", and LVNV Funding as the "Owner Name".

13.     Plaintiff is informed, through counsel, and believes that LVNV Funding was the current owner of the debt, and thus the current creditor to whom the debt was owed.  Defendant Valentine's letter, however, failed to identify LVNV Funding as the current creditor.  In fact, by identifying three different companies, without explaining how they are related, or whether one, two or all three owned the debt, Defendant's letter left the consumer with no idea as to the identity of the creditor to whom the debt is owed.  Thus, Defendant Valentine's collection letter failed to convey effectively the name of the current creditor, in violation of § 1692g(a)(2) of the FDCPA.

14.     Defendant Valentine's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA -**
**Making False, Deceptive Or Misleading Statements**

15.     Plaintiff adopts and realleges ¶¶ 1-9.

16.     Section 1692e of the FDCPA prohibits Defendant from making any false, deceptive or misleading statements in connection with the collection of any debt, <u>see</u>, 15 U.S.C. § 1692e.

17.     Defendant's form collection letter's use of three different company names, without explaining how they are related, or whether one, two or all three owned the debt and left consumer with no idea as to whom they owed the debt. Thus, Defendant's statements as to the identity of the current creditor were false, deceptive or misleading in violation of § 1692e of the FDCPA.

18.     Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

19.     Plaintiff, Susana Moreno, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant Valentine attempted to collect a delinquent consumer debt, via the same form collection letter (Exhibit <u>C</u>), that it sent to her, from one year before the date of this Complaint to the present, as to which the letter referred to Sears Gold Mastercard as the "Merchant Name", Resurgent as the "Client", and LVNV Funding as the "Owner Name".   This action seeks a declaration that Defendant Valentine's form letter violates

4

the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

20.     Defendant Valentine regularly engages in debt collection, using the same form collection letter it sent Plaintiff Moreno in its attempts to collect delinquent consumer debts from other consumers.

21.     The Class consists of more than 35 persons from whom Defendant Valentine attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Moreno.

22.     Plaintiff Moreno's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

24.     Plaintiff Moreno will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action

complaint will not require extended contact with the members of the Class, because Defendant Valentine's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Moreno has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Susana Moreno, individually and on behalf of all others similarly situated, prays that this Court:

1.      Certify this action as a class action;

2.      Appoint Plaintiff Moreno as Class Representative of the Class, and her attorneys as Class Counsel;

3.      Find that Defendant's debt collection actions violated the FDCPA;

4.      Enter judgment in favor of Plaintiff Moreno and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Susana Moreno, individually and on behalf of all others similarly situated, demands trial by jury.

Susana Moreno, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  March 10, 2010

6

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com